**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Criminal Case No. 3:23-CR-150 (SVN) |
| | ) | |
| v. | ) | |
| | ) | |
| MARIANO IRIZARRY | ) | April 13, 2026 |
| | ) | |
| | ) | |
| | ) | |

## ORDER REGARDING THE REWEIGHING AND RETESTING OF EXHIBITS BY DEFENSE

Sarala V. Nagala, United States District Judge.

Defendant Mariano Irizarry has moved for an order allowing him to conduct, through an expert, an examination and/or analysis of certain controlled substances exhibits the Government intends to introduce in its case-in-chief at trial. The parties have proposed procedures and requirements under which the Government will produce, for reweighing and qualitative (identification) and quantitative (purity) retesting by a defense testing laboratory, the controlled substance exhibits identified in this Order.

After consideration of the parties' proposals, the Court orders as follows, in accordance with Fed. R. Crim. P. 16(a)(1)(E):

1. The Government shall deliver the following evidentiary items which relate to FBI Case No. 245D-NH-3612351 to the testing laboratory (referred to herein as "the Laboratory") selected by the defense to weigh those exhibits in their entirety and extract a sample for re-testing as outlined below: DEA LIMS No. 2022-SFL205940 and Exhibit Number 1B4; DEA LIMS No. 2023-SFL2-06623 and Exhibit Number 1B183; DEA LIMS No. 2023-SFL2-01560 and Exhibit Number 1B26; DEA LIMS No. 2024-

SFL01270 and Exhibit Number 1B104; DEA LIMS No. 2024-SFL01271 and Exhibit Number 1B105; DEA LIMS No. 2024-SFL01272 and Exhibit Number 1B106; DEA LIMS No. 2024-SFL01273 and Exhibit Number 1B107; DEA LIMS No. 2024-SFL01274 and Exhibit Number 1B108; DEA LIMS No. 2024-SFL01275 and Exhibit Number 1B109; DEA LIMS No. 2024-SFL01276 and Exhibit Number 1B110; DEA LIMS No. 2024-SFL01277 and Exhibit Number 1B111; DEA LIMS No. 2024-SFL01278 and Exhibit Number 1B112; and DEA LIMS No. 2024-SFL01279 and Exhibit Number 1B113.

2. The Government shall deliver, in a manner it deems consistent with the type and quantity of controlled substance at issue, and considering the Laboratory's proximity to the originating Drug Enforcement Administration (DEA) laboratory, those exhibits identified above to the Laboratory. The Laboratory has been specifically identified as NMS Labs, which is physically located at 2300 Stratford Avenue, Willow Grove, PA 19090 and with a mailing address of NMS Labs, Attn: Evidence Processing, 2300 Stratford Avenue, Willow Grove, PA 19090. The Laboratory shall possess and present in advance, as a prerequisite to the delivery of the exhibits identified above, a current and valid DEA registration (which has been identified as DEA registration number RN037306) sufficient to perform the analyses of the schedule of controlled substance at issue, in accord and in full compliance with the applicable DEA registration procedures, found at 21 C.F.R. § 1301.11 *et seq*.

3. The defense expert shall conduct the weighing and retesting ordered herein, and shall provide the Government with a Declaration Under Penalty of Perjury pursuant to 28 U.S.C. § 1746 stating the initial weight of each exhibit received, the quantity of

substance extracted from each exhibit for retesting, and the weight of each exhibit returned to the Government agent. The Laboratory shall report quantitative results as the hydrochloride salt, in addition to any other manner to which they are accustomed. The Declaration shall be delivered to the Government immediately upon completion of the analyses ordered herein.

4. In accordance with Fed. R. Crim. P. 16(b)(1)(B), Defendant shall provide the Government with a copy of the results or reports of the analyses under this Order if Defendant intends to use the results or reports in Defendant's case-in-chief at trial, or intends to call the witness who prepared the report and the report relates to the witnesses' testimony.

5. The defense shall coordinate with the Government a convenient date and time for the retesting and reweighing ordered herein, which date shall be within thirty (30) days of the date of this Order.

6. The weighing of the exhibits identified in this Order will be conducted first and separately from any retesting permitted by this Order.

7. The Laboratory's initial weighing of the exhibits and the extraction of no more than one gram from each exhibit may be observed by a Government law enforcement officer or a representative from the DEA laboratory, pursuant to this Order. If the Laboratory charges a fee for such observation, the cost of such observation shall be paid by the Government.

8. After reweighing the evidence, the Laboratory shall extract no more than 1 gram or half the amount of material available, whichever is less, as a representative sample from the composite portion of the exhibit for re-testing.

3

9. The Laboratory will retain only the representative sample for the retesting ordered herein. The law enforcement officer or, where applicable, the representative of the DEA laboratory, will retain the remainder of the exhibits (aside from the representative sample) and return the exhibits to law enforcement custody.

10. The Laboratory shall sign and return all accompanying forms (including Form DEA-12, "Receipt For Cash Or Other Items") indicating receipt of the sample.

11. The Laboratory is responsible for safeguarding the exhibits/samples, preserving the chain of custody in a manner to faithfully protect its integrity.

12. The Laboratory is responsible for repackaging each internal sample/exhibit package per standard operating procedure, which shall be secured in such a manner that tampering will be readily observable.

13. Upon completion of any retesting, the Laboratory shall return any residual substance and its original packaging to the law enforcement officer or, where applicable, to the originating DEA laboratory, by secure method, not to include regular mail. The method can be secured delivery services (i.e., barcode tracking systems) offered by the United States Postal Service (such as registered mail) or by a commercial carrier.

14. All retesting must be completed within the Laboratory's standard turnaround time of forty-five (45) calendar days from the date of receipt of the samples/exhibits. Expedited testing will incur additional fees. Return of any residual substance and its original packaging typically occurs within five (5) calendar days following completion of the retesting.

15. Any failure to follow the aforementioned procedures will render the retesting results scientifically unreliable, as those terms are used in the Federal Rules of Evidence or its state equivalent.

16. Any failure by the defense to maintain the proper chain of custody will not render the following evidentiary items inadmissible for this reason: DEA LIMS No. 2022-SFL205940 and Exhibit Number 1B4; DEA LIMS No. 2023-SFL2-06623 and Exhibit Number 1B183; DEA LIMS No. 2023-SFL2-01560 and Exhibit Number 1B26; DEA LIMS No. 2024-SFL01270 and Exhibit Number 1B104; DEA LIMS No. 2024-SFL01271 and Exhibit Number 1B105; DEA LIMS No. 2024-SFL01272 and Exhibit Number 1B106; DEA LIMS No. 2024-SFL01273 and Exhibit Number 1B107; DEA LIMS No. 2024-SFL01274 and Exhibit Number 1B108; DEA LIMS No. 2024-SFL01275 and Exhibit Number 1B109; DEA LIMS No. 2024-SFL01276 and Exhibit Number 1B110; DEA LIMS No. 2024-SFL01277 and Exhibit Number 1B111; DEA LIMS No. 2024-SFL01278 and Exhibit Number 1B112; and DEA LIMS No. 2024-SFL01279 and Exhibit Number 1B113.

**SO ORDERED** at Hartford, Connecticut, this 13th day of April, 2026.

　/s/ Sarala V. Nagala
SARALA V. NAGALA
UNITED STATES DISTRICT JUDGE